UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

Millard D. Norton, III,

              Debtor.

17-10644

Chapter 7

## MOTION FOR SANCTIONS AND DAMAGES
## AGAINST CREDITORS CONTINENTAL FINANCE COMPANY
## AND CELTIC BANK FOR VIOLATION OF 11 U.S.C. § 362

Millard D. Norton, III (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), respectfully moves this Court for sanctions and damages against creditors Continental Finance Company and Celtic Bank (collectively, the "Creditors") for willful violations of the Bankruptcy Code's automatic stay provisions. The motion relates to the Creditors' efforts to collect the balance owed on a Surge MasterCard credit card. In support of his motion, the Debtor states as follows:

### PARTIES

1.     The Debtor is a resident of Rhode Island. He is the sole debtor in this Chapter 7 case, and the obligor on a Surge MasterCard credit card ending in 9948 (the "Credit Card") which is listed on his Schedule E/F of unsecured debts.

2.     Celtic Bank is the issuer of the Credit Card. Celtic Bank is chartered by the State of Utah and has its headquarters in Salt Lake City.

3.     Continental Finance Company ("Continental Finance") is the servicer and, and upon information and belief, Celtic Bank's agent relative to the Credit Card. Continental Finance is a Delaware limited liability company, with headquarters in Newark, Delaware.

## JURISDICTION

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(a) and (b). This is a core proceeding pursuant to 28 U.S.C. 157(b)(2). However, in the event this case is determined to be a noncore proceeding, the Debtor consents to entry of a final order by this Court.

5.     This Court has personal jurisdiction over Celtic Bank and Continental Finance based on their minimum contacts with Rhode Island, including issuing the Credit Card to the Debtor in Rhode Island, and attempting to collect the balance during his active Chapter 7 bankruptcy case pending in this jurisdiction.

## VENUE

6.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7.     In or around March 2016, the Credit Card was issued to the Debtor by Celtic Bank, with servicing and other rights apparently being thereafter assigned to Continental Finance.

8.     On April 21, 2017, the Debtor commenced this bankruptcy case by filing a petition for relief under chapter 7 of the Bankruptcy Code.

9.     Along with his petition, the Debtor filed a Schedule E/F form listing his unsecured debts and creditors.

10.    The Credit Card was listed on page 9 at line 4.24 on the Debtor's Schedule E/F. The Creditor's address listed in Schedule E/F is the same address designated in a January 23, 2017 statement as the location to which inquiries about the Credit Card should be sent. As of the date of this motion, that same address is also listed on Continental Finance's website

(www.continentalfinance.net) as the Surge MasterCard customer service address. Copies of the statement and website listing are attached hereto as "Exhibit A".

11. On April 26, 2017, the Bankruptcy Noticing Center filed a Certificate of Notice (Docket No., 10), indicating that notice of the Debtor's bankruptcy case had been dispatched to his creditors. According to that document, notice was sent to the address on the January 2017 Surge MasterCard statement, which belongs to Continental Finance. An annotated copy of that Certificate of Notice is attached hereto as "Exhibit B".

12. Celtic Bank had notice of the Debtor's case, as notice was sent to Continental Finance, its servicer and agent.

13. Neither of the Creditors have petitioned this Court in this case for relief from the automatic stay imposed by 11 U.S.C. § 362.

14. On or about May 3, 2017, the Debtor received a letter concerning the Credit Card. The letter indicated that the Debtor was behind in his payments and that it was being sent in an attempt to collect a debt. The letter is attached along with other related documents, as "Exhibit C".

15. On May 12, 2017, the Debtor's undersigned attorney responded by drafting and mailing a letter to the creditor informing it of the Debtor's bankruptcy case and the automatic stay provisions of 11 U.S.C. § 362. Copies of the creditor's collection letter, relevant portion of the Debtor's Schedule E/F, and bankruptcy notice were enclosed with the response. A redacted copy of the response and its enclosures is attached hereto as "Exhibit C".

16. Upon information and belief, the response was received, as it has not been returned as undeliverable.

17.     Subsequently, on or about May 23, 2017, the Debtor received a statement stating that "YOUR ACCOUNT IS SERIOUSLY PAST DUE AND WE ARE CONSIDERING ADDITIONAL COLLECTION ACTION." A copy of that statement is attached as "Exhibit D".

18.     Upon information and belief, Continental Finance is and was acting for itself and as the agent of Celtic Bank in attempting to collect the Credit Card balance.

19.     The Debtor has suffered mental and emotional distress as a result of the Creditors' actions. He believed that his bankruptcy case would protect him from such collection actions so that he could pursue a fresh financial start. The Creditors' actions led the Debtor to believe that his bankruptcy filing would have no impact on the Credit Card, causing him to suffer stress, anxiety, and worry. In addition, the Debtor has had to devote time, including some work time, to addressing the Creditors' actions with his undersigned attorney.

## LEGAL ARGUMENT AND CLAIM FOR RELIEF—
## VIOLATION OF THE AUTOMATIC STAY

20.     The commencement of a bankruptcy case imposes an automatic stay, prohibiting creditors from, among other things, engaging in "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case…" 11 U.S.C. § 362(a)(6).

21.     A Debtor may seek relief from willful violations of the automatic stay under 11 U.S.C 362(k)(1). This Court also has power to impose sanctions for automatic stay violations pursuant to 11 U.S.C. § 105(a).

22.     A stay violation is willful if a creditor has knowledge of the automatic stay and intends the actions underlying the violation. *Fleet Mortgage Group Inc. v. Kaneb (In re Kaneb)*, 196 F.3d 265, 269 (1st Cir. 1999) (internal citations omitted). "In cases where the creditor received actual notice of the automatic stay, courts must *presume* that the [stay] violation was deliberate." *Id.* (emphasis added). A debtor injured by willful violations of the automatic stay is entitled to

4

"recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). Actual damages recoverable under 11 U.S.C. § 362(k)(1) include claims for emotional distress. *Kaneb*, 196 F.3d at 270.

23. In addition to actual damages, costs and attorneys' fees, a court may also award a Debtor punitive damages in appropriate circumstances. 11 U.S.C. § 362(k)(1). The primary purpose to be served by an award of punitive damages is to deter the type of actions and conduct that constitute the stay violation. *See In re Vaughn*, 542 B.R. 589, 603 (Bankr. M.D. Ala. 2015). Whether a court should award punitive damages typically depends on five factors: (1) the nature of the creditor's conduct, (2) the nature and extent of harm suffered by the debtor, (3) the creditor's ability to satisfy a punitive damages award, (4) the creditor's motives, and (5) whether there was any provocation on the part of the debtor. *Id*. (internal citations omitted).

24. In this case, as explained above, Continental Finance had actual knowledge of the Debtor's bankruptcy case and the automatic stay. Since Continental Finance was acting as Celtic Bank's agent and servicer, it too had knowledge of the Debtor's case and is equally liable for the stay violations. *See Oberther v. Midland Credit Management, Inc. et al.*, 45 F. Supp. 3d 125, 130 (D. Mass. 2014) (holding that in the context of the FDCPA, a principal entity which itself is considered a debt collector, may be held vicariously liable for acts or omissions of its debt collector agents); *see also Corporacion De Mercadeo Agricola v. Mellon Bank Intern.*, 608 F.2d 43, 46 (2d. Cir. 1979) (discussing agency principles, and stating that, "Notice to the agent…is notice to the principal, unless the person giving notice has reason to know that the agent has no duty to or will not transmit the message to the principal.").

25. Notwithstanding the existence of the automatic stay, Continental Finance, both for itself and as servicer for Celtic Bank, sent the Debtor at least one letter attempting to collect money

owed on the Credit Card. Although the Debtor attempted to resolve that initial stay violation informally through a written warning, a subsequent bill was sent to the Debtor a subsequent bill threatening that "…WE ARE CONSIDERING ADDITIONAL COLLECTION ACTION."

26. The Creditors committed these actions with actual notice of the automatic stay, causing the Debtor to suffer actual damages, including emotional distress. Additionally, the Creditors' persistence in attempting to collect from the Debtor after receiving written notice that such conduct violates the automatic stay, warrants an award of punitive damages.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court enter an order:

a.) finding the Creditors jointly and severally liable for willfully violating the automatic stay provisions of 11 U.S.C. § 362; and

b.) awarding the Debtor a sum to be determined by this Court to compensate him for his actual and punitive damages; and

c.) awarding attorney's fees and costs for bringing this action, with such sums to be paid by the Creditors; and

d.) granting all other relief to which the Debtor may be entitled.

Dated: June 2, 2017.                    Respectfully submitted by the Debtor, through his attorney:

/s/ Casey J. Lee
_____
Casey J. Lee, Esq. (R.I. Bar # 8454)
P.O. Box 2391
Providence, RI 02906
(401) 4004005
casey@cjlfirm.com

## NOTICE OF MOTION AND TIME TO RESPOND

**Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of June, 2017, I served a copy of this motion on the following parties using the methods indicated below:

Electronically via CM/ECF:

| | |
|---|---|
| Gary L. Donahue, Assistant U.S. Trustee | Charles Pisaturo, Esq. |
| Office of the United States | Trustee Chapter 7 Trustee |

By certified mail, return receipt requested, and first class mail, postage prepaid:

Lamiaa E. Elfar, Registered Agent
Continental Finance Company, LLC
121 Continental Drive, Suite 108
Newark, DE 19713

Certified mail no.,
9414 7102 0083 0584 2657 42

Reese Howell, CEO
Celtic Bank
268 S. State Street, Suite 300
Salt Lake City, UT 84111

Certified mail no.,
9414 7102 0082 9418 8998 57

Surge MasterCard
Cardholder Services
P.O. Box 8099
Newark, DE 19714

Certified mail no.,
9414 7102 0082 9418 9006 69

Surge
P.O. Box 3220
Buffalo, NY 14240

Certified mail no.,
9414 7102 0088 2418 9491 75

/s/ Casey J. Lee
_____